[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2010
JOHN LEY
CLERK

No. 09-15451
Non-Argument Calendar

_____

D. C. Docket No. 00-00650-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAVARES ONTARIO WIGGINS,
a.k.a. Tavaris Wiggins,
a.k.a. Tavares Williams,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 27, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Taveres Ontario Wiggins, a federal prisoner convicted of a crack-cocaine offense, appeals the district court's denial of his *pro se* motion for a reduced sentence, brought pursuant to 18 U.S.C. § 3582(c)(2). Wiggins relies on this Court's decision in *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008) and the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581 (2008), to support his claim that carrying a concealed weapon does not constitute a crime of violence for sentencing purposes. As such, he argues that he did not qualify for the career offender enhancement in U.S.S.G. § 4B1.1, and thus his sentence should be reduced under § 3582(c)(2).

We review *de novo* a district court's conclusions regarding the scope of its legal authority under 18 U.S.C. § 3582(c)(2). *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). Although a district court generally cannot modify a term of imprisonment once it has been imposed, an exception lies in § 3582(c)(2).[1] The policy statements provide that § 3582 encompasses challenges to the application of only those Guidelines that have been retroactively amended; the

---

[1] Section 3582(c)(2) states in relevant part:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2

district court must leave all other Guideline decisions unaffected. U.S.S.G. § 1B1.10(b)(1); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) ("[A]ll original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing.").

Here, Wiggins has not alleged a cognizable claim under § 3582(c)(2) because his request for a reduced sentence relies on case decisions, not a retroactive Guideline amendment. *See United States v. Moreno*, 421 F.3d 1217, 1220–21 (11th Cir. 2005) (holding that because *Booker*[2] is a Supreme Court decision rather than a retroactive Guideline amendment, it does not provide an independent basis for a motion that is otherwise not cognizable under § 3582(c)(2)); *see also Bravo*, 203 F.3d at 782 (holding that "[e]xtraneous resentencing issues" are not cognizable in § 3582 motions, and must be brought as § 2255 collateral attacks to the sentence). Therefore, Wiggins is not entitled to § 3582 relief.

**AFFIRMED.**

---

[2] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).